## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAWRENCE JOVAN WALKER,

        Plaintiff,

        v.

PHILADELPHIA HOUSING
AUTHORITY AND OFFICER JOHN
DOE,

        Defendants.

CIVIL ACTION

No. 08-5592

### MEMORANDUM/ORDER

Plaintiff Lawrence Jovan Walker alleges that the defendants, Philadelphia Housing Authority ("PHA") and Officer John Doe ("Officer Doe"), violated his constitutional rights ("Count I") and committed battery upon him ("Count II"). PHA and Officer Doe now move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to have the complaint dismissed with prejudice, or in the alternative to have the complaint dismissed with prejudice as against PHA, and Count II dismissed with prejudice as against Officer Doe.

## I.    Background

For the purposes of this motion to dismiss, the factual allegations of Walker's complaint are taken to be true. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990). On November 12, 2006, the plaintiff was at 25th and Oxford Streets in Philadelphia, Pennsylvania. Plaintiff was purchasing a small amount of marijuana from a

local dealer when the PHA police arrived. Plaintiff fled the scene and ran from the police. Officer John Doe, employed by PHA and on duty at the time, allegedly shot plaintiff in the neck as he was running away. As a result of the injury to his neck, plaintiff asserts that he now is a quadriplegic and is paralyzed from the neck down.

On November 11, 2008, plaintiff, proceeding *pro se*, filed a motion for leave to proceed *in forma pauperis*. His complaint was included with the motion and delivered to the court on the same day. The *in forma pauperis* motion was granted on February 16, 2009, and the complaint was filed on February 17, 2009. Now before the court is defendants' motion to dismiss the complaint.[1]

## II.      Standard for a Motion to Dismiss

In a motion to dismiss for failure to state a claim, "'we must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff,' and determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Colburn v. Upper Darby Township*, 838 F.2d 663, 665 (3d Cir. 1988) (internal citations omitted). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (internal citations omitted).

---

[1]Along with his response to the motion, plaintiff simultaneously filed a motion for an extension of time to file his response; that motion is granted.

## III.   Discussion

The defendants argue that the plaintiff's complaint should be dismissed for several reasons. First, defendants maintain that Walker's cause of action is time-barred. Second, the defendants argue that the plaintiff failed to plead a cause of action against PHA. Third, the defendants assert that the PHA and Officer Doe are immune from suit for battery.

### A.   The Complaint is Not Time-Barred by the Statute of Limitations

Defendants argue that the plaintiff's action is time-barred by the applicable statute of limitations. As 42 U.S.C. § 1983 contains no statute of limitations, the appropriate state statute-of-limitations period applies. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Pennsylvania, that period is two years. 42 Pa. C.S.A § 5524; *Kost v. Kozakiewicz*, 1 F.3d 176, 189-90 (3d Cir. 1993) (adopting Pennsylvania two-year statute of limitations for personal injury actions in § 1983 case). The incident took place on November 12, 2006, so in order to be timely, the action must have been commenced on or before November 12, 2008.

Defendants argue, based on Rule 3 of the Federal Rules of Civil Procedure, which provides that a "civil action is commenced by the filing of the complaint with the court," that plaintiff's complaint was not timely because it was filed on February 17, 2009, after the November 12, 2008 deadline. Plaintiff argues that he should be given credit for filing the complaint on the day it was delivered to the court, November 11, 2008, rather than the

3

day it was recorded as filed, February 17, 2009.

Plaintiff will be given such credit. The submission to the Clerk of a complaint along with a motion to proceed *in forma pauperis* amounts to a commencement of the action, even though the complaint cannot technically be "filed" until the motion is granted. *See Mitchell v. Hendricks*, 68 F.R.D. 564, 568 (E.D. Pa. 1975); *see also Krajci v. Provident Consumer Discount Co.*, 525 F. Supp. 145, 149 (E.D. Pa. 1981) (finding statute of limitations for Truth in Lending Act complaint tolled by *in forma pauperis* motion); *Jones v. Waters*, 563 F. Supp. 817, 818 (E.D. Pa. 1983) (concluding statute of limitations for § 1983 action tolled by submission of *in forma pauperis* motion); *Richardson v. Diagnostic Rehabilitation Center*, 836 F. Supp. 252, 254 (E.D. Pa. 1993) (holding that even where *in forma pauperis* motion is denied statute of limitations is tolled so long as motion was filed in good faith). Accordingly, the statute of limitations tolled when Walker submitted his *in forma pauperis* motion on November 11, 2008, and his action is not time-barred.

## B.    PHA is Dismissed

Defendants next argue that the § 1983 claim (Count I) should be dismissed as against the PHA. In plaintiff's response, he concedes that his "complaint" should be dismissed with prejudice against the PHA. Given this concession, PHA is dismissed from the case in its entirety.

Defendants do not argue that Count I should be dismissed against Officer Doe.

4

However, the dismissal of the PHA bears on the remaining § 1983 claim against Officer

Doe. A § 1983 claim may be brought against an officer either in his or her official

capacity or in his or her personal capacity. *Kentucky v. Graham*, 473 U.S. 159, 165

(1985). However, "an official-capacity suit is, in all respects other than name, to be

treated as a suit against the entity" employing the official. *Id.* at 165-166. Because "the

suit against [the officer] in his official capacity is, in essence, a suit against the PHA;

before [the officer] may be held liable in this capacity, the PHA itself must be shown to

have 'played a part in the violation of federal law.'" *Turner v. City of Philadelphia*, 22 F.

Supp. 2d 434, 439 (E.D. Pa. 1998). Since the PHA has been dismissed, a § 1983 claim

cannot prevail against Officer Doe in his official capacity.

It is unclear from the plaintiff's complaint whether he sues Officer Doe in both his

official capacity and his personal capacity. Given plaintiff's *pro se* status at the time he

filed his complaint, the court will not assume that the action is against Officer Doe in his

official capacity only.[2] *Roberts v. Univ. of Pennsylvania*, 2001 WL 311246 (E.D. Pa.

March 28, 2001). Count I remains against Officer Doe in his personal capacity.

## C.    Immunity from Count II

Defendants argue that the plaintiff's battery claim should be dismissed against

Officer Doe because he is immune from liability as a Commonwealth employee pursuant

to the Sovereign Immunity Act, 42 Pa. C.S.A. § 8522. In response, the plaintiff argues

---

[2]Plaintiff has since retained counsel.

that because the complaint alleges an intentional act rather than a negligent act, Officer

Doe is not immune from liability; plaintiff appears to contend that the Pennsylvania

Political Subdivisions Tort Claims Act, 42 Pa. C.S.A. § 8541-8564, applies instead of the

Sovereign Immunity Act. The court must first decide whether Officer Doe's employer,

the Philadelphia Housing Authority, is to be considered Commonwealth agency or a

municipal agency.[3]

In *City of Philadelphia v. Lead Industries,* 994 F.2d 112, 118 (3d Cir. 1993) the

Third Circuit found the PHA to be "an agency of the Commonwealth" for the purposes of

the doctrine of *nullum tempus*. The Third Circuit cited Pennsylvania's Housing

Authorities Law, which created the PHA (and other Housing Authorities) and provides:

"An Authority shall constitute a public body, corporate and politic, exercising public

powers of the Commonwealth as an agency thereof. . . ." 35 Pa. C.S.A. § 1550. The

Third Circuit also noted that intermediate appellate courts in Pennsylvania had held that

---

[3]The distinction is dispositive. Commonwealth and municipal employees enjoy different levels of immunity from intentional torts such as the tort of battery alleged here. Commonwealth employees, pursuant to 42 Pa. C.S.A. § 8522 are immune from suit for intentional torts, while municipal employees, pursuant to 42 Pa. C.S.A. § 8550, are not. *See Holt v. Northwest Pennsylvania Training Partnership Consortium*, 694 A.2d 1134, 1140 (Pa. Commw. Ct. 1997) ("Unlike for local agency employees, willful misconduct does not vitiate a Commonwealth employee's immunity because sovereign immunity protects a Commonwealth employee acting within the scope of his or her employment from liability, even for intentional acts. . . ."); *Sanford v. Stiles*, 456 F.3d 298, 315 (3d Cir. 2006) (noting that municipal employees are not immune from liability where their conduct amounts to "actual malice" or "willful misconduct," which "is synonymous with the term 'intentional tort'") (citations omitted).

housing authorities are agencies of the Commonwealth for purposes of sovereign immunity. 994 F.2d at 119 (citations omitted).

This court follows the guidance of the Third Circuit and the Commonwealth courts and finds that the PHA is a Commonwealth agency. Because intentional torts do not fall within the enumerated exceptions of the Sovereign Immunity Act, Commonwealth parties are immune from liability for them.[4] *Demuro v. Philadelphia Housing Authority*, 1998 WL 926103, *4 (E.D. Pa. 1998). Officer Doe, as an employee of a Commonwealth agency, enjoys the same immunity as the agency, 42 Pa. C.S.A. § 8501, and therefore is immune from suit for battery. *See Wright v. Philadelphia Housing Authority*, 1994 WL 497716 (E.D. Pa. 1994) (finding PHA officers immune from claims of assault and battery, false arrest, and false imprisonment). Count II is dismissed as against Officer Doe.

## IV.   Conclusion

For the reasons stated above, Count I is retained against Officer Doe in his personal capacity but dismissed against Officer Doe in his official capacity. Counts I and II against the PHA, as well as Count II against Officer Doe, are dismissed. An appropriate order to this effect accompanies this memorandum.

---

[4]The nine exceptions to immunity include: vehicular liability, medical-professional liability, care or control of personal property, commonwealth real estate, highway conditions, care and control of animals, liquor store sales, national guard activities and vaccines. § 8522(b).