# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE JOVAN WALKER,<br><br>        Plaintiff,<br><br>v.<br><br>PHILADELPHIA HOUSING AUTHORITY AND OFFICER JOHN DOE,<br><br>        Defendants. | CIVIL ACTION<br><br>No. 08-5592 |

## MEMORANDUM

July 19, 2010

    This action was brought by Lawrence Jovan Walker ("plaintiff") against the Philadelphia Housing Authority ("PHA") and Officer John Doe ("Officer Doe"), ("defendants"). Plaintiff's initial complaint alleged two counts of action against the defendants: (1) a violation of his Fourth and Fourteenth Amendment rights to be free of excessive force ("Count I") and (2) battery ("Count II"). On September 24, 2009 I dismissed Count I as to the PHA and Officer Doe in his official capacity and Count II as to both defendants. *Walker v. Phila. Housing Auth.*, No. 08-5592, 2009 WL 3055389, at *4 (E.D. Pa. Sept. 24, 2009). Accordingly, Count I alleging a violation of the Fourth and Fourteenth Amendments by Officer Doe in his individual capacity under 42 U.S.C. § 1983 remained. On October 23, 2009 defendants moved for summary judgment pursuant to Fed. R. Civ. P. 56 on that claim.[1] Defendants argue that plaintiff cannot

---

    [1] Defendants' September 23, 2009 memorandum in support of their motion for summary judgment alleges that there is an outstanding motion to dismiss plaintiff's municipal liability claim. Mem. Supp. Defs.' Mot. Summ. J. at 1. In fact, plaintiff conceded in his May 10, 2009

-1-

support his claims of excessive force as a matter of law and that Officer Doe is entitled to qualified immunity as a matter of law. Defs.' Mot. Summ. J. ¶¶ 5 & 7. On October 23, 2009, plaintiff responded to defendants' motion for summary judgment. For the reasons below, I will grant defendants' motion for summary judgment.

I. Background

I will briefly summarize the facts regarding the events which took place on November 12, 2006.[2] On that day, plaintiff was purchasing a small quantity of marijuana at 25th and Oxford Streets in Philadelphia, Pennsylvania when the PHA police arrived after receiving reports of suspicious activity. After observing their arrival, plaintiff fled the scene of the crime, throwing his marijuana into the street as he ran to discard the gun he was carrying in a nearby sewer. Officer John Doe, employed by the PHA and on duty at the time of the incident, was one of the officers who went to investigate the suspicious conduct. Present at the scene was another individual, Darrell Holmes, who the officers also suspected was violent. Both Officer Doe and the other officer present, Officer Anderson, ordered plaintiff and Holmes to get on the ground. While Holmes cooperated, plaintiff refused to follow the officers' orders. As plaintiff allegedly ran in Officer Anderson's direction to discard his gun,

---

response to defendants' motion to dismiss that he did not plead municipal liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Resp. Defs.' Mot. Dismiss Pl.'s Compl. at 7. I addressed the *Monell* claim in my September 23, 2009 order granting defendants' motion to dismiss Count I against the PHA and Officer Doe in his official capacity. Accordingly the only matter before the court is against Officer Doe, pursuant to 42 U.S.C. § 1983, in his individual capacity.

[2] The facts used in this memorandum are based upon the facts recited in plaintiff's response to defendants' motion for summary judgment as well as those facts uncontested by plaintiff in defendants' motion for summary judgment.

Officer Doe shot him in the neck. Due to the injury to his neck, plaintiff alleges that he is now a quadriplegic.

## II. Discussion

Pursuant to Fed. R. Civ. P. 56 (c)(2), summary judgment should be rendered if the pleadings, materials on file, and affidavits show that there is no genuine issue as to any material fact. For the purposes of this motion, the court must view the facts in the light most favorable to plaintiff, the non-moving party, and draw all reasonable inferences which can be made in his favor. *Bornstad v. Honey Brook Tp.*, 211 Fed. Appx. 118, 120 (3d Cir. 2007). Defendants, the moving party, bear the initial responsibility of pointing out all relevant evidence contained in the record which demonstrates that there is not a genuine issue of material fact. *Id.* Walker must then show that the record contains evidence of questions of material fact, constituting more than mere allegations, from which a reasonable jury could find in his favor. *See id.* In the present action, therefore, plaintiff must indicate that there is a genuine issue of material fact as to whether or not Officer Doe, pursuant to 42 U.S.C. § 1983, violated his Fourth Amendment right, as applied to the states through the Fourteenth Amendment Due Process Clause, to be free of excessive force.

In order to make out a claim of excessive force under Section 1983, Walker would need to show that Officer Doe acted unreasonably in light of the circumstances in which he behaved. *Graham v. Connor*, 490 U.S. 386, 397 (1989). In assessing the

reasonableness of an officer's actions, the court considers his conduct, not from the vantage point of hindsight, but from the point of view of an officer on the scene making split-second decisions in tense and quickly changing circumstances. *Id*. The court's analysis must take into account the following factors: (1) the severity of the crime, (2) the threat posed to others and officers by the suspect and whether such a threat is immediate, and (3) whether the suspect is attempting to flee or resisting arrest. *Id.* at 396. The Third Circuit also asks the court to consider: (1) whether the suspect is violent or dangerous, (2) the length of the interaction, (3) whether the interaction took place during an arrest, (4) the possibility that the suspect is armed, and (5) the number of individuals the officer monitored throughout the interaction. *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997).[3]

Walker has failed to point to any facts in the record which would indicate a genuine issue of material fact as to whether or not Officer Doe's conduct was unreasonable and therefore preclude summary judgment in the defendants' favor. While there are minor factual inconsistencies as to the events which occurred on November 12, 2006, such as defendants' assertions that plaintiff was engaged in a robbery (Mem. Supp. Defs.' Mot. Summ. J. at 3) and plaintiff's account that he was engaged in a drug deal

---

[3] If Walker can prove that Officer Doe did in fact violate his constitutional right to be free of excessive force, Officer Doe may still be entitled to summary judgment due to qualified immunity. *See Carswell v. Borough of Homestead*, 381 F.3d 235, 243-44 (3d Cir. 2004) (granting qualified immunity to an officer who shot an unarmed suspect because a reasonable officer in that situation could have believed that firing at the plaintiff was a proper response).

(Pl.'s Resp. at 2), these inconsistencies do not preclude summary judgment. *See Brown v. Rinehart*, 325 Fed. Appx. 47, 51 (3d Cir. 2009) (noting that factual inconsistencies, such as whether an officer tackled the arrestee, did not provide a genuine issue of material fact to preclude summary judgment). Both sides agree that plaintiff: (1) was engaged in some form of illegal conduct; (2) ran in the direction of Officer Anderson; (3) was armed at the time of the arrest; and (4) ignored numerous orders by the officers to get down on the ground. Since there is no genuine issue of material fact regarding these claims, Officer Doe's conduct appears reasonable in light of the circumstances.

Walker's response alleges that defendants and witnesses are lying, but provides no evidence for these allegations. He states:

> Plaintiff avers that the statements from police officers and members of the community that say plaintiff had had a gun and or was involved in a robbery are complete falsehoods designed to allow the PHA police officers to 'bootstrap' their way to establish probable cause for unmercifully shooting and paralyzing Plaintiff.

Pl.'s Resp. at 5. Plaintiff further states that he "disagrees with the defense [sic] assertion that he charged Officer Anderson. He was trying to run away from the scene to get rid of the gun. Plaintiff avers that he never posed any danger to Officer Anderson or anyone else." *Id.* However, nowhere in his response does Walker provide any support for these bare allegations. The Third Circuit has held that when the non-moving party provides no specific facts and rests solely upon allegations in his complaint, the moving party is entitled to summary judgment. *See Woods v. Grant*, No. 09-4360, 2010 WL 2017670, at *2 (3d Cir. May 21, 2010) (affirming summary judgment on behalf of defendants because

plaintiff failed to present more than a "scintilla of evidence" to support his claim and instead rested upon the allegations asserted in his complaint); *Jackson v. Beard*, No. 09-4131, 2010 WL 538057, at *1 (3d Cir. Feb. 17, 2010) (finding that conclusory allegations of excessive force based upon a mere denial of facts without additional evidence did not warrant a rejection of defendants' summary judgment motion). Under Fed. R. Civ. P. 56 (e)(2) the non-moving party cannot merely rely on his own allegations or denials, but must set out specific facts which indicate a genuine issue for trial. As plaintiff has failed to meet this burden, defendants' motion for summary judgment will be granted. An order granting summary judgment accompanies this memorandum.